UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>          Petitioner,<br><br>     v.<br><br>JEFF LYNCH,<br><br>          Respondent. | No. 2:20-cv-2018 CKD P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Examination of the request to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review and determined that the petition must be dismissed. Petitioner will be granted leave to file an amended petition.

Parts of petitioner's original petition are not legible or are difficult to understand. The court will order that petitioner file an amended petition, but cautions petitioner that he must take care to write clearly and legibly.

Additionally, in his original petition, petitioner includes claims concerning conditions of confinement. Petitioner is informed that in a petition for writ of habeas corpus, petitioner can challenge either the fact that he is in custody, or the duration of his confinement. See 28 U.S.C. § 2254(a). Any challenges to conditions of confinement must be brought in a separate civil complaint.

Finally, petitioner appears to challenge the denial of parole. Petitioner does have a liberty interest in parole protected by the Due Process Clause. Swarthout v. Cooke, 131 S. Ct. 859, 861–62 (2011). However, the procedural protections which must be afforded with respect to the liberty interest implicated are minimal; the "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied." Id. at 862.

In accordance with the above, IT IS HERBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed.

3. Petitioner is granted 30 days within which to file an amended petition for writ of habeas corpus on the form provided by the Clerk of the Court. The form must be filled out completely and accurately. Petitioner's writing must be legible and clear. Failure to file an amended petition within 30 days that complies with the terms of this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send petitioner the court's form-application by state prisoners for a writ of habeas corpus.

Dated: October 20, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rous2018.114

2