1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM ROUSER,                         No.  2:20-cv-2018 WBS CKD P

12                      Petitioner,

13          v.                               ORDER

14   JEFF LYNCH,

15                      Respondent.

16

17          Petitioner is a state prisoner proceeding pro se.  On October 20, 2020, the court dismissed

18   petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, with leave to

19   file an amended petition.  Petitioner has now filed an amended petition.

20          Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all

21   petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the

22   petitioner is not entitled to relief.

23          In ground 1 of his amended petition, petitioner challenges conditions of confinement.  As

24   petitioner was informed in the court's October 20, 2020 order, in a petition for writ of habeas

25   corpus, petitioner can challenge either the fact that he is in custody, or the duration of his

26   confinement.  See 28 U.S.C. § 2254(a).  Any challenges to conditions of confinement must be

27   brought in a separate civil complaint.  Petitioner cannot proceed on ground 1 in this action.

28   /////

1

In ground 2, petitioner appears to challenge evidence presented at a parole proceeding.  As petitioner has already been informed, the procedural protections afforded petitioner at parole proceedings are limited and generally include only "an opportunity to be heard" and that petitioner be "provided a statement of the reasons why parole [is] denied."  Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011).  Petitioner provides no basis for relief in ground 2.

Ground 3 is not legible despite the fact that petitioner was warned in the court's October 20, 2020 order that, with respect to his amended petition, petitioner must take care to write clearly and legibly.

In ground 4, petitioner appears to challenge the result of prisoner disciplinary proceedings which a prisoner may do in a habeas action as long as success would result in a shorter sentence.  See 28 U.S.C. § 2254(a).  However, it is not clear whether that is case.  Furthermore, petitioner fails to articulate any arguable challenge to any disciplinary proceedings which is least partially due to the fact that, again, petitioner's writing is not clear and legible in ground 4.

Good cause appearing, the court will grant petitioner one more opportunity to amend with respect to grounds 3 and 4.  If petitioner choses to amend with respect to grounds 3 and 4, petitioner must write clearly and legibly.  As for ground 4, petitioner must indicate whether good conduct sentence credit was revoked with respect to the prisoner disciplinary proceedings at issue.  Petitioner should not include grounds 1 or 2 in his second amended petition.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's amended petition for a writ of habeas corpus is summarily dismissed;

2. Petitioner is granted 30 days within which to file a second amended petition for writ of habeas corpus on the form provided by the Clerk of the Court. The form must be filled out completely and accurately.  Petitioner's writing must be legible and clear.  Failure to file an amended petition within 30 days that complies with the terms of this order will result in a recommendation that this action be dismissed.

/////

/////

/////

1       3. The Clerk of the Court is directed to send petitioner the court's form-application by

2  state prisoners for a writ of habeas corpus.

3  Dated:  November 18, 2020

4                                                             CAROLYN K. DELANEY

5                                                             UNITED STATES MAGISTRATE JUDGE

6

7

8  1

9  rous2018.114(2)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28