UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

    Petitioner,

    v.

JEFF LYNCH,

    Respondent.

No. 2:20-cv-2018 WBS CKD P

FINDINGS AND RECOMMENDATIONS

    Petitioner is a state prisoner proceeding pro se. On November 6, 2020, the court dismissed petitioner's amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, with leave to file a second amended petition. Petitioner has now filed a second amended petition.

    Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.

    Petitioner challenges the result of prisoner disciplinary proceedings and argues that if the findings at issue are expunged, he is more likely to be paroled. Petitioner does not claim that sentence credit will be restored if the findings are overturned.

    The court has jurisdiction to hear a petition for writ of habeas corpus under 28 U.S.C. § 2254 only if success on the petition would necessarily lead to speedier release. Nettles v.

1   Grounds, 830 F.3d 932, 934-35 (9th Cir. 2016).  Here, success on the merits of petitioner's claims
2   would not necessarily lead to speedier release because the expungement of the challenged
3   disciplinary violation would not necessarily lead to petitioner being paroled.  Under California
4   law, whether or not petitioner will be paroled is based upon many factors.  The Ninth Circuit
5   reached the same conclusion in Nettles.  Id.

6        For these reasons, petitioner's second amended petition for a writ of habeas corpus must
7   be summarily dismissed.  Since granting leave to amend a third time appears futile, the court will
8   recommend that this case be closed.

9        Accordingly, IT IS HEREBY RECOMMENDED that:
10       1. Petitioner's second amended petition for a writ of habeas corpus be summarily
11  dismissed; and
12       2. This case be closed.

13       These findings and recommendations are submitted to the United States District Judge
14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
15  after being served with these findings and recommendations, petitioner may file written
16  objections with the court and serve a copy on all parties.  Such a document should be captioned
17  "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner may address
18  whether a certificate of appealability should issue in the event he files an appeal of the judgment
19  in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must
20  issue or deny a certificate of appealability when it enters a final order adverse to the applicant).
21  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability
22  "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether
23  the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it
24  debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris
25  v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484
26  /////
27  /////
28  /////

(2000)).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 14, 2020

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rous2018.114(4)

3